**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD GRAZIANO, | : | Civil No. 1:24-CV-01084 |
| Plaintiff, | : | |
| v. | : | |
| ROSS MILLER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are Plaintiff's motion for reconsideration and motion to clarify. (Docs. 40, 43.) For the following reasons, the court will deny Plaintiff's motions and reset the deadline for Defendants to answer the amended complaint.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in July of 2024. (Doc. 1.) This complaint raised constitutional challenges against thirteen defendants regarding the following four separate events at SCI-Camp Hill: (1) the removal of Plaintiff's Z-Code, or single cell, status; (2) a fabricated misconduct report; (3) the confiscation of his personal property; and (4) being called a "rat" by staff. (Doc. 1.) Plaintiff was granted leave to proceed in this action *in forma pauperis*, and the complaint was served on the named defendants. (Doc. 8.)

Following service on the parties, all Defendants filed motions to dismiss. (Docs. 14, 16.) After several motions for an extension of time, rather than filing a

brief in response, Plaintiff filed a motion for leave to amend his complaint stating that he believed that the defects set forth in his previous complaint could be remedied with the proposed amended complaint. (Doc. 29.)

On September 18, 2026, the court entered an order granting Plaintiff's motion to amend his complaint, denied the motions to dismiss as moot, and screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 33.) In doing so, the court found that Plaintiff did not specifically raise a due process claim under the Fourteenth Amendment premised on the confiscation of his legal property against seven defendants, but the court addressed any potential claim by dismissing it with prejudice finding that Plaintiff had adequate post-deprivation state remedy available. (Doc. 33, pp. 27–28.)[1]

On September 18, 2025, the court granted Plaintiff leave to file an amended complaint by October 20, 2025 and directed Defendants to answer the complaint by November 20, 2025. (Doc. 34.) On October 23, 2025, the court's September 18, 2025 memorandum and order were returned to the court and resent to Plaintiff. (Doc. 36.) On November 19, 2025, the court received and docketed Plaintiff request to reset the deadline to file an amended complaint, which the court granted on December 8, 2025. (Docs. 37, 38.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff did not file an amended complaint. On February 5, 2026, the court received and docketed Plaintiff's notice of intent to stand on his amended complaint and a motion for reconsideration of the court's September 18, 2025 order. (Docs. 39, 40.) Only one Defendant, Kevin Wanga, filed a brief in opposition to Plaintiff's motion. (Doc. 42.) On July 21, 2026, Plaintiff filed a motion to clarify requesting a status concerning the pending motion for reconsideration.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill in Cumberland County, which is located within this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Plaintiff seeks reconsideration of the court's dismissal of the potential Fourteenth Amendment claim premised on the destruction of personal property. (Doc. 40.) Plaintiff relies on Federal Rule of Civil Procedure 59 as the authority for his motion. (Docs. 40, 41.)

Rule 59(e) is "a device...used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Even more limiting is the 28-day deadline for such a motion under Fed. R. Civ. P. 59(e), which cannot be extended by the court. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also* Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment ("Rule 6(b) continues to prohibit the expansion of the 28-day period."). Accordingly, Plaintiff's February of 2026 motion for reconsideration of the court's September 2025 order is untimely and will be dismissed.

Plaintiff's motion for clarification will be denied as moot. The court has addressed the outstanding motion for reconsideration above. The court will order

Defendants to answer the amended complaint and will enter a scheduling order concerning the fact discovery deadline following the receipt of Defendants' answer.

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's motion for reconsideration as untimely and will deny the motion for clarification as moot.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 17, 2026